O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff/Respondent,<br><br>vs.<br><br>ARNALDO CALZADILLAS ZAMARRON<br><br>        Defendant/Petitioner. | Case No. CV 12-7871 CAS<br>CR 11-1195 CAS<br><br>**ORDER DENYING PETITIONER'S AMENDED MOTION TO VACATE, SET ASIDE, OR REDUCE SENTENCE (Docket #47, filed June 3, 2013)** |

## I.     INTRODUCTION AND BACKGROUND

On April 30, 2012, petitioner Arnaldo Calzadillas Zamarron pled guilty to one count of illegal reentry into the United States, in violation of 8 U.S.C. § 1326(a), (b)(2). United States v. Arnaldo Calzadillas Zamarron, 11-CR-1195-CAS, Dkt. #27.[1] In his plea agreement, petitioner admitted that he was convicted of the felony of second degree robbery, a crime of violence, in violation of California Penal Code section 211, on or about November 17, 1997. Dkt. #15 ¶ 10. He received a sentence of two years

---

[1] Unless otherwise noted, all references to the docket pertain to case number 11-CR-1195-CAS.

imprisonment as a result of that conviction. Id. Petitioner further admitted that he was deported or removed from the United States on or about March 18, 1999. Id. On or around September 1999, petitioner "knowingly and voluntarily" re-entered the United States. Id. He remained in the United States until on or about October 24, 2011, when immigration authorities located him in Riverside County. Id.

Petitioner and the government stipulated in the plea agreement that his total offense level would be 17, id. ¶ 12, and that an appropriate disposition of the case would be for petitioner to receive a sentence equal to the low end of the applicable sentencing guidelines range, based on a total offense level of 17 and a criminal history category to be calculated by the Court. Id. ¶ 13. The parties also agreed that an appropriate disposition would include a $100 special assessment, and a three-year period of supervised release following the term of imprisonment. Id.

Pursuant to the plea agreement, petitioner waived the right to appeal his conviction, with the exception of an appeal based on a claim that his guilty plea was involuntary. Id. ¶ 18. Petitioner also waived the right to appeal any portion of his sentence, except that he reserved the right to appeal the calculation of his criminal history category. Id. ¶ 19.

On April 3, 2012, the United States Probation Office issued petitioner's Presentence Investigation Report ("PSR"), which calculated a guideline range of 77 to 96 months based on a total offense level of 21. PSR, Dkt. #23 at 3, 7 (base offense level 8, a sixteen-level enhancement due to previous deportation after a crime of violence, and a three-level downward departure for acceptance of responsibility). The PSR also acknowledged the possibility of a four-level reduction of the total offense level, as contemplated by the plea agreement, pursuant to U.S.S.G. § 5K3.1. Id. at 17. The PSR stated that petitioner's criminal history category was VI, based on a total of 20 criminal history points. Id. at 12.

///

On September 13, 2012, petitioner filed a motion to correct his sentence pursuant to 28 U.S.C. § 2255. Dkt. #29. By order dated May 23, 2013, the Court granted petitioner an extension of time to file an amended motion. Dk. #46. Petitioner did so on June 3, 2013, Dkt. #47, and the government filed an opposition on June 18, 2013. Dkt. #48. Petitioner filed a motion for extension of time to reply to the government's opposition, which the Court granted by order dated October 3, 2013, dkt. #51. Petitioner filed a reply on October 23, 2013. Dkt. #52. Petitioner asserts that he received ineffective assistance of counsel on the grounds that his counsel failed to object to a miscalculation of his criminal history points at sentencing. Id. at 4.[2] After considering the parties' arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

A petition pursuant to 28 U.S.C. § 2255 challenges a federal conviction and/or sentence to confinement where a prisoner claims "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Sanders v. United States, 373 U.S. 1, 2 (1963).

Ineffective assistance of counsel constitutes a violation of the Sixth Amendment right to counsel, and thus, if established, is grounds for relief under section 2255. To establish ineffective assistance of counsel, a petitioner must prove by a preponderance of

---

[2] Petitioner's reply states additional grounds for his ineffective assistance of counsel claim that were not present in his moving papers. The Court "decline[s] to consider arguments that are raised for the first time in reply." See Stewart v. Wachowski, 2004 WL 2980783, at *11 (C.D. Cal. Sept. 28, 2004); see also MJG Enters. v. Cloyd, 2010 WL 3842222, at *6 n.1 (D. Ariz. Sept. 27, 2010) ("The Ninth Circuit has consistently held that where new arguments and new evidence is submitted for the first time in a reply brief, the arguments and evidence may be stricken.").

the evidence: (1) the assistance provided by counsel fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). The petitioner carries the burden of establishing both prongs. Id. at 697; United States v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995).

With respect to the first prong, the court's review of the reasonableness of counsel's performance is "highly deferential," and there is a "strong presumption" that counsel exercised reasonable professional judgment. Strickland, 466 U.S. at 689. The petitioner must "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id.

After establishing an error by counsel and thus satisfying the first prong, a petitioner must satisfy the second prong by demonstrating that his counsel's error rendered the result unreliable or the trial fundamentally unfair. Lockhart v. Fretwell, 506 U.S. 364, 372 (1993). A petitioner must show that there is a reasonable probability that, but for his counsel's error, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. Id.

A court need not necessarily determine whether the petitioner has satisfied the first prong before considering the second. The Supreme Court has held that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed." Id. at 670. Indeed, a petitioner's failure to allege the kind of prejudice necessary to satisfy the second prong is sufficient by itself to justify a denial of a petitioner's section 2255 motion without hearing. Hill v. Lockhart, 474 U.S. 52, 60 (1985).

Section 2255 provides that the Court shall conduct a hearing on a motion filed thereunder "[u]nless the motion and files and records of the case conclusively show that

the [petitioner] is entitled to no relief." Rule 8 of the Rules Governing § 2255 Proceedings provides that:

> [i]f the motion has not been dismissed at a previous stage in the proceeding, the judge, after the answer is filed and any transcripts or records of prior court actions in the matter are in his possession, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice dictates.

The decision whether to hold a hearing is "committed to the court's discretion," and § 2255 "requires only that the judge give the prisoner's claim careful consideration and plenary processing, including a full opportunity for presentation of the relevant facts." Watts v. United States, 841 F.2d 275, 277 (9th Cir. 1988) (citation and internal quotation marks omitted).

### III.   DISCUSSION

Petitioner argues that his counsel, Deputy Public Defender Richard Goldman, rendered ineffective assistance by failing to object to an improper calculation of petitioner's criminal history points. Am. Mot. Vacate 3. As a result of this failure, petitioner contends that his sentence incorrectly reflected a criminal history category of VI, rather than the correct category of V. Id. at 4. According to petitioner, he would have been entitled to a sentencing range of 46 to 51 months if the calculation had been done correctly. Id. at 6.

Petitioner first argues that one criminal history point was incorrectly assessed against him based on a conviction in 1992 for unlawfully carrying a concealed weapon. Id. at 4. Petitioner received a sentence of 24 months probation as a result of this conviction. Id. According to petitioner, no criminal history points should have been

assessed against him because (1) more than 15 years elapsed between the 1992 conviction and the date of petitioner's violation of 8 U.S.C. § 1326, and (2) the conviction was an "uncounseled misdemeanor" because he received a sentence of probation exceeding one year. Id. (citing U.S.S.G. § 4A1.2(e)).

The Court finds these arguments unavailing. As the government correctly argues, petitioner admitted in the plea agreement that his violation of 8 U.S.C. § 1326 commenced in 1999. Dkt. #15 ¶ 10; see also United States v. Hernandez-Guerrero, 633 F.3d 933, 937 (9th Cir. 2011) (operative date of a § 1326 offense for purpose of calculating criminal history points is date of reentry). U.S.S.G. § 4A1.2(e)(1) states that "any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted." Therefore, the 1992 conviction occurred approximately seven years prior to petitioner's reentry into the United States, and is properly within the 15-year window. Moreover, defendant's argument that this conviction should not give rise to criminal history points because it was an "uncounseled misdemeanor" is unavailing because uncounseled misdemeanor convictions are to be counted in the criminal history score, as long as no sentence of imprisonment was imposed. Id. § 4A1.2, Commentary.[3]

Petitioner next argues that two criminal history points were improperly added to his score based on a 1995 conviction for manufacture and delivery of controlled substances. Am. Mot. Vacate 4-5. Petitioner claims that this conviction should not have given rise to any criminal history points because (1) the conviction occurred more than 15 years prior to the date of the instant offense, and (2) a sentence of less than one year and one day was imposed. Id. The Court finds that these points were properly assessed. As stated above, the relevant date for the commencement of petitioner's offense is 1999.

---

[3] The Court does not reach the issue of whether petitioner was represented by counsel when he was convicted in 1992; petitioner's argument is unavailing even if, as he alleges, he was unrepresented by counsel.

Therefore, the 1995 conviction occurred approximately four years prior to the commencement of the instant offense, and is within the 15-year window set forth in U.S.S.G. § 4A1.2(e).  Moreover, "any . . . prior sentence" imposed within ten years of the commencement of the instant offense is counted in a criminal history score.  Id. § 4A1.2(e)(2).  This subsection does not require that the sentence imposed exceed one year and one month.  The 1995 conviction was therefore properly counted when calculating petitioner's criminal history.

Petitioner next argues that one criminal history point was improperly added to his score based on a 2004 conviction for illegal possession of marijuana.  According to petitioner, no criminal history points should have been assessed because he received a sentence of 24 months' probation, and the conviction was therefore an "uncounseled misdemeanor."  Am. Mot. Vacate 5.  As stated above, this argument is unavailing because convictions giving rise to non-incarceratory sentences are properly counted in a criminal history score, even if counsel was not provided.  See U.S.S.G. § 4A1.2, Commentary.

Petitioner next argues that three criminal history points were improperly added to his score based on a 2006 conviction for vehicle theft and a 2005 conviction for receiving stolen property.  Am. Mot. Vacate 5.  Petitioner argues that these two convictions arose from the same conduct, and that criminal history points can accordingly be assessed as to one of the two convictions but not both.  Id. at 5.  In other words, petitioner contends that only three total criminal history points should have been added to his score based on these convictions, instead of a total of six.  Id. (citing U.S.S.G. §§ 3B1.1, 3D1.2 and United States v. Torres, 182 F.3d 1156 (10th Cir. 1999)).

The Court finds that these criminal history points were properly assessed.  Petitioner's reliance on Section 3 of the Sentencing Guidelines is misplaced, because that Section governs the calculation of a total offense level based on convictions of multiple counts.  It does not address the calculation of criminal history.  Petitioner's

reliance on United States v. Torres is also misplaced. There, the court addressed the defendant's contention that the trial court improperly counted several convictions for marijuana possession when calculating his criminal history score as part of a sentence for a conviction of conspiracy to distribute marijuana and cocaine. Id. at 1159. The court held that the burden was on the government to show that the underlying conduct of the prior offenses was "not relevant" to the instant offense. Id. at 1163 (citing U.S.S.G. § 1B1.3, 4A1.2 n.1).

Here, by contrast, U.S.S.G. § 4A1.2(a)(2) is the relevant section of the Sentencing Guidelines. That section states that multiple prior sentences are counted separately unless (1) the sentences resulted from offenses contained in the same charging instrument or (2) the sentences were imposed on the same day. Id. § 4A1.2(a)(2). It is apparent from the face of the petition that the sentences were imposed in different counties almost a year apart. Am. Mot. Vacate 5 (showing one conviction in San Benardino County in 2005, and another in Los Angeles County in 2005). The sentences were therefore not imposed on the same day. Moreover, the sentences could not have been contained in the same charging instrument because the convictions occurred in different counties. Accordingly, these two convictions were properly considered separately when calculating petitioner's criminal history score.

Finally, petitioner contends that two points were improperly added to his criminal history score pursuant to U.S.S.G. § 4A1.1(d) for having been on parole, probation, or judicial order at the time of the instant offense. Am. Mot. Vacate 6. Petitioner states that his parole terminated in 1999. Id. As stated above, petitioner admitted that the instant offense commenced in 1999. Dkt. #15 ¶ 10. Furthermore, the PSR indicates that petitioner was paroled on March 17, 1999, from a prison sentence imposed in 1997. PSR ¶ 48. He was not discharged from parole until March 15, 2002. Id. Accordingly, petitioner was on parole in September 1999, at the time of his violation of 8 U.S.C. § 1326, and the addition of two points to his criminal history score was appropriate. See

U.S.S.G. § 4A1.1(d).  Thus, the Court finds that petitioner was not deprived of the effective assistance of counsel because any failure to object to the calculation of petitioner's criminal history score did not prejudice petitioner.

## IV. CONCLUSION

In accordance with the foregoing, the Court DENIES petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

IT IS SO ORDERED.

Dated: February 21, 2014

_____

CHRISTINA A. SNYDER
United States District Judge